Lorenzo Berrizbeitía et al., Plaintiffs and Appellees, *v.* The Times Publishing Co., Defendant and Appellant.

No. 5346.   Argued March 16, 1931.—Decided July 28, 1931.

*M. Gaetán Barbosa* and *Rafael F. Barbosa* for appellant. *Monserrat & Monserrat* for appellees.

MR. JUSTICE ALDREY delivered the opinion of the Court.

The appellees are the owners of the house at No. 83 Salvador Brau Street in this city, and brought suit against The Times Publishing Co. for the recovery of unpaid rent under a lease of the said house at the rate of $250 monthly plus half the taxes levied on said property. The defendant corporation in its amended answer admitted having occupied said house under a contract of lease entered into with Manuel V. del Valle, one of the co-owners of the house and attorney in fact of the other co-owners, on June 3, 1911, for ten years at a monthly rental of $125 during the first five years and $135 during the remaining five years; and it filed a cross-complaint in which it alleged that at the expiration of said contract it continued occupying the said house, since October 31, 1920, with the consent of the owners and without any modification of the rental provisions in the lease, and that inasmuch as it had been required to pay, and had paid since October, 19, 1920, for the use of the premises, $250 monthly plus one-half of the taxes, instead of $135, it prayed for the return of the difference which it claimed amounted to $11,385.

At the close of plaintiffs' evidence at the trial, the defendant moved for a nonsuit. This motion was denied, and the defendant thereupon introduced its evidence.

After hearing all the evidence, the district court held as proved each and every fact alleged by the plaintiffs, and especially that in 1920, when the lease of June 3, 1911, was about to expire, the defendant corporation entered into a

verbal contract of lease with Manuel V. del Valle, who acted in his own behalf and as the agent of the other co-owners of the said house, whereby it agreed to pay a monthly rental of $250 plus one-half of the taxes on the said house, and that thereafter the defendant had paid rent at the rate of $250 monthly as well as one-half of the taxes up to the year 1928; and that it had failed to pay the rent from January 1 to November 23, 1929, on which date it delivered the keys to the house, and also its share of the taxes. Consequently, the court rendered judgment against the defendant and dismissed the cross-complaint. The defendant appealed from that decision.

The first ground urged in support of this appeal is that the lower court erred in permitting the witness, Manuel V. del Valle, to testify in his capacity as attorney in fact of the plaintiffs without proof of his authority to manage the property of the plaintiffs.

In order to dispose of this objection it will be sufficient for us to say that as the appellant, according to its own answer, had contracted with Manuel V. del Valle as attorney in fact of the other co-owners, it was not incumbent upon the plaintiff to prove said authority. Moreover, the witness repeatedly stated, without any objection on the part of the defendant, that he is the attorney in fact of each one of the other plaintiffs, and when the objection was made, long after such testimony was given, it came too late to be sustained.

The second ground of appeal is based on the denial of the motion for nonsuit made by the defendant at the conclusion of plaintiffs' evidence.

This assignment is without merit, as the testimony of the co-owner Manuel V. del Valle shows that, in 1920, a verbal contract of lease had been entered into between the parties providing for a monthly rental of $250 and payment of one-half of the taxes; that since that time the defendant had paid the $250 and its share of the taxes, until January, 1929,

when it ceased paying the rent; all of which also appears from the documentary evidence introduced by the plaintiffs.

The third error assigned is that the service of summons on the defendant, which is a corporation, was made on one of its directors and not on its president or any other head of said corporation, or secretary, cashier, or manager thereof, as provided by section 93 of the Code of Civil Procedure. That is true, but it is also true that the defendant corporation appeared in the action and filed a demurrer to the complaint, an answer thereto, and a cross-complaint, thus curing the defect in the summons. This Court has declared in *Gómez* v. *Soto Nussa, District Judge,* 13 P.R.R. 295, that the appearance of a defendant in court will cure any defect which the citation may contain and is sufficient to give the court jurisdiction. *Franceschi et al.* v. *Sepúlveda,* 27 P.R.R. 110; *García* v. *Brignoni et al.,* 22 P.R.R. 331; *Coll et al.* v. *Rigo,* 16 P.R.R. 302; *Hetch* v. *Hetch et al.,* 12 P.R.R. 219.

The fourth error assigned relates to the action of the court in striking out an allegation of the answer and certain evidence tending to show that the board of directors of the defendant corporation had not approved or authorized the verbal contract of lease alleged by the appellees.

If the corporation failed to adopt any resolution regarding the contract, such conduct can not prejudice the plaintiffs, since the acts of the corporation in occupying the house for its business and offices and paying the rent during some years with its own checks show an acceptance of the contract. As stated in Jones on Evidence, (1913 ed.), Vol. I, par. 56, acts done by a corporation, which presuppose the existence of other acts to make them legally operative, are presumptive proofs of the latter.

By the fifth assignment it is claimed that it was error to sustain the complaint and to adjudge the defendant to pay.

The evidence regarding the verbal contract of lease was conflicting, but the court adjusted the conflict properly against the defendant, because although two of its witnesses

testified that such a contract was not made, however, the acts of the defendant show that the latter was acting in accordance with the contract.

The last error assigned is without merit, since if the lease contract at a monthly rental of $250 plus the payment of one-half of the taxes existed, and it is so held, then there was no basis for the cross-complaint wherein it was sought to recover the difference between the rate of $135 formerly charged and that of $250 subsequently collected.

The judgment appealed from must be affirmed.